IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAMETRIUS WALKER, Individually and as Parent and Next Friend of Q.W., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY SCHOOLS, et al.,<br><br>Defendants. | No. 2:19-cv-02562-TLP-tmp<br><br>JURY DEMAND |

**ORDER GRANTING MOTION TO STAY AND GRANTING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tametrius Walker, individually and as parent and next friend of Q.W., a minor, sued Defendant Ben Gilliam for violating Q.W.'s constitutional rights under 42 U.S.C. § 1983 and for battery and outrageous conduct. (ECF No. 11.) In January 2021, Defendant Gilliam moved for summary judgment based on qualified immunity and insufficient service under the Tennessee Rules of Civil Procedure. (ECF No. 44.) This Court denied summary judgment, and Defendant filed a notice of appeal the next week. (ECF Nos. 63 & 66.) Defendant now moves to stay proceedings here and to certify for interlocutory appeal the order denying his summary judgment motion. (ECF Nos. 67 & 68.) For the following reasons, the Court **GRANTS** the motions.

Typically, 28 U.S.C. § 1291 bars interlocutory appeals. *See* 28 U.S.C. § 1291 (limiting appellate jurisdiction to "final decisions"); *see also* 28 U.S.C. § 1292. "As the denial of summary judgment is ordinarily not a final decision within the meaning of 28 U.S.C. § 1291, it is

generally not immediately appealable." *McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016). "But the 'denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of [] § 1291 notwithstanding the absence of a final judgment.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

The Supreme Court has held that "immediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue,' illustratively, the determination of 'what law was 'clearly established'' at the time the defendant acted." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). "However, instant appeal is not available, *Johnson* held, when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Id.* (citing *Johnson*, 515 U.S. at 313). Cases presenting "purely legal" issues "typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law." *Id.* at 190 (citing *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996), *Johnson*, 515 U.S. at 317).

Although this Court identified genuine disputes of material facts in denying summary judgment,[1] Defendant asserts "an appeal as of right" related to the Court's denial of qualified immunity.[2] (ECF No. 67 at PageID 421.) And so Defendant argues that he can appeal that denial under 28 U.S.C. § 1291. (*Id.*) But on his other argument—that Plaintiff did not properly

---

[1] In denying summary judgment, the Court found "that there is a genuine dispute of fact about whether Defendant choked Q.W. during the incident." (ECF No. 63 at PageID 414.) And "there is a genuine dispute of material fact about whether Q.W. used profanity [before Defendant grabbed him]." (*Id.* at PageID 415.)
[2] The Sixth Circuit takes a "pragmatic approach" to such appeals, "excis[ing] the prohibited fact-based challenge." *Siders v. City of Eastpointe*, 819 F. App'x 381, 387 (6th Cir. 2020) (quoting *Bunkley v. City of Detroit*, 902 F.3d 552, 560–61 (6th Cir. 2018)).

serve him under the Tennessee Rules of Civil Procedure—Defendant can appeal only if the Court certifies its order for interlocutory appeal under 28 U.S.C. § 1292(b).[3] (*Id.*)

Under 28 U.S.C. § 1292(b), "[t]he district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)).

The service issue presents a controlling question of law. The question relates to service requirements under the Tennessee Rules of Civil Procedure and consequences of noncompliance. This question is potentially dispositive. And so it is "undoubtedly 'controlling' because [its] resolution 'could materially affect the outcome of the case.'" *Id.* (quoting *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002)). For the same reason, the Court finds that an immediate appeal would materially advance the termination of this litigation. *Id.* at 952.

The sole remaining requirement is a substantial ground for difference of opinion, which "exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Id.* (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* (quoting *Reese*, 643 F.3d at 688). There is little precedent that controls the service defense at issue here, and reasonable

---

[3] Of course, even with a district court's certification, the court of appeals still "must decide whether to exercise [its] 'discretion,' as a prudential matter, to 'permit an appeal to be taken from such order.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)).

minds can disagree on how the existing precedent applies in this case.  Based on the above, the Court **GRANTS** Defendant's motion to certify the order denying summary judgment.

Typically, "the filing of a notice of appeal regarding qualified immunity acts as an automatic stay of the trial of a case." *Blair v. City of Cleveland*, 148 F. Supp. 2d 919, 921 (N.D. Ohio Sept. 8, 2000) (citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991)).  But certifying an interlocutory order for appeal does not.  *See* 28 U.S.C. § 1292(b) ("[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.").  Based on Defendant's notice of appeal and the above certification for appeal, the Court finds a stay appropriate here.  The Court **GRANTS** the motion and **STAYS** all proceedings in this case pending Defendant's appeal to the Sixth Circuit.

**SO ORDERED**, this 14th day of September, 2021.

s/ Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE